## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **PEGGY JO PRATHER,** | ) | **BK No. 21-00193-RM3-7** |
| | ) | |
| Debtor(s), | ) | |
| | ) | |
| **ERICA R. JOHNSON, Trustee**, | ) | **ADV. NO.** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **UNITED STATES OF AMERICA; and** | ) | |
| **PEGGY JO PRATHER,** | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR TURNOVER OF TAX REFUND

Comes Erica R. Johnson, Trustee for the above-captioned estate, by and through

counsel, and respectfully alleges as follows:

### JURISDICTION

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§1334 and 28 U.S.C. §157.

2.     This adversary proceeding is a core proceeding within the meaning of 28 U.S.C.

§157(b)(2)(A) and (E).

3.     Venue of this action is proper in this Court pursuant to 28 U.S.C. §§1408 and

1409(a).

### PARTIES

4.     Peggy Jo Prather (the "Debtor") commenced the above-captioned case by filing a

voluntary chapter 7 petition on January 20, 2021 (the "Petition Date").  Upon information and

belief, the Debtor currently resides at 264 Paul Thompson Road, Bethpage, Tennessee 37022.

5. Erica R. Johnson was appointed as trustee in this proceeding and is currently serving in that capacity (the "Trustee" or the "Plaintiff").

6. The United States of America, on behalf of its agency, the Internal Revenue Service, is an agency of the government of the United States of America empowered to administer, seek collection, and enforcement of tax and tax obligations owing to the United States of America (the "IRS").

## FACTUAL BACKGROUND

7. On Schedule A/B filed on January 20, 2021, the Debtor disclosed interest in the following personal property (the "Tax Refunds"):

> 2020 TAX REFUND PRO RATA (DEBTOR JUST FILED FEDERAL 2017, 2018, 2019 BACK TAXES AND KENTUCKY STATE 2016, 2017, AND 2018. DEBTOR WILL GET REFUNDS FEDERALLY FOR 2017 $7,239, 2018 $12,228, AND 2019 $1,040 WHICH TOTALS $20,507.00 LESS AMOUNT OWED IN FEDERAL. DEBTOR OWES THE KENTUCKY STATE MORE THAN $5,000 PLUS PENALTIES AND INTEREST) OFFSETS TO THE TOTAL REFUND DUE TO DEBTOR UNCLEAR AT THIS TIME.

*See* Page 13 of Docket Entry 1 in Case 3:21-bk-00193.

8. The Tax Refunds are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

9. On Schedule C filed on January 20, 2021, the Debtor claimed an exemption in the Tax Refunds in the amount of $6,930.00 (the "Exemption"). *See* Page 16 of Docket Entry 1 in Case 3:21-bk-00193.

10. Upon information and belief, the Tax Refunds are further described as the following:

a. $7,239.00 relating to tax period ending December 31, 2017 (the "2017 Refund");

b. $12,228.00 relating to tax period ending December 31, 2018 (the "2018 Refund");

c. $1,040.00 relating to tax period ending December 31, 2019 (the "2019 Refund"); and

d. $2,568.00 relating to tax period ending December 31, 2020 (the "2020 Refund").

11. On or about April 28, 2021, the Trustee sent Applications and Authorization for Internal Revenue Service Refund Turnover to Chapter 7 Bankruptcy Trustee Pursuant to 11 U.S.C. § 542 to the IRS relating to the 2017 Refund, the 2018 Refund, and the 2019 Refund.

12. On or about May 12, 2021, the Debtor received the 2020 Refund in the amount of $2,572.44, which includes interest. Such amount shall be applied to the Exemption.

13. On or about July 2, 2021, in response to the April 28, 2021 Application, the Trustee received the 2019 Refund from the IRS in the amount of $1,054.02. Such amount includes interest in the amount of $14.02.

14. On or about August 9, 2021, in response to the April 28, 2021 Application, the Trustee received the 2018 Refund in the amount of $12,426.58. Such amount includes interest in the amount of $198.58.

15. To date, the Trustee has not received the 2017 Refund from the IRS.

16. To date, upon information and belief, the Debtor has not received the 2017 Refund from the IRS.

17.     The Trustee is requesting turnover of the 2017 Refund from the IRS and/or the Debtor.

## CAUSE OF ACTION

### Turnover Pursuant to 11 U.S.C. § 542

18.     The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

19.     The 2017 Refund is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

20.     The 2017 Refund is of value or benefit to the estate.

21.     The 2017 Refund is under the control of the IRS and/or the Debtor.

22.     The Plaintiff is requesting an Order requiring the IRS and/or the Debtor to turn over the 2017 Refund, including any interest relating to such refund, pursuant to 11 U.S.C. § 542.

23.     The Plaintiff is requesting an Order declaring that the 2020 Refund previously received by the Debtor, in the amount of $2,572.44, be applied to the Exemption.

24.     The Plaintiff is requesting an Order declaring that any funds received from Tax Refunds over the Exemption belong to the bankruptcy estate free and clear of any and all exemptions and/or interests of the Debtor.

25.     The Plaintiff is requesting an Order requiring the Debtor to turn over all non-exempt funds relating to the Tax Refunds pursuant to 11 U.S.C. § 542 (if applicable).

WHEREFORE, the Plaintiff requests that the Court enter an order:

A.     Declaring that the Tax Refunds, including any interest relating to such refunds, are property of the bankruptcy estate;

B.      Declaring that any funds received by the Debtor from the Tax Refunds after the Petition Date shall be applied to the Exemption up to the dollar amount of the claimed value of the Exemption;

C.      Declaring that any funds received from the Tax Refunds over the Exemption belong to the bankruptcy estate free and clear of any and all exemptions and/or interests of the Debtor;

D.      Ordering the IRS and/or the Debtor to turn over the 2017 Refund to the Trustee;

E.      Ordering the Debtor to turn over any and all non-exempt funds relating to the Tax Refunds received from the Petition Date (if applicable);

F.      Awarding the Plaintiff a judgment against the IRS in the amount of the 2017 Refund, including any interest relating to such refund;

G.      Awarding the Plaintiff a judgment against the Debtor in the amount of the 2017 Refund, including any interest relating to such refund (if applicable); and

H.      Granting such other and further relief as is just and proper.

Dated this 17th day of December, 2021.

Respectfully submitted,

*/s/ Erica R. Johnson*
Erica R. Johnson (BPR No. 30939)
ERICA R. JOHNSON,
ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erica@erjlaw.com – Email
*Attorneys for Trustee/Plaintiff*